**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**RAYMOND W. STRAIGHT,**

        **Plaintiff,**

        **v.**

**ANGELA L. STEARNS,**

        **Defendant.**

        **Civil Action 2:22-cv-3789**
        **Judge Sarah D. Morrison**
        **Magistrate Judge Kimberly A. Jolson**

**ORDER AND REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (Doc. 1). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). Additionally, having performed an initial screen, the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

**I.      BACKGROUND**

Plaintiff initiated the present action on October 25, 2022, with the filing of his Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and accompanying Complaint (Doc. 1-1). Before the Court ruled on his Motion or conducted an initial screening of the Complaint, the Defendant filed an answer (Doc. 2), to which Plaintiff responded (Doc. 3). As the Complaint had not yet been accepted by the Court, Defendant's answer was premature. Moreover, a reply to an answer is not permitted unless ordered by the Court. Fed. R. Civ. P. 7(a)(7). In other words, neither of the subsequent filings (Docs. 2, 3) are properly before the Court—and, in any event, they are immaterial to the findings in this Order and Report and Recommendation.

## II.     STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss any portion of the Complaint that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("Even if a non-prisoner pays the filing fee and/or is represented by counsel, the complaint must be screened under § 1915(e)(2)."). While true that *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."

## III.    DISCUSSION

In his Complaint, Plaintiff's names one Defendant, Angela L. Stearns.  (*See* Doc. 1-1).  He also briefly makes allegations that Chase Bank acted unlawfully.  (*Id.*, ¶ 4).  For the following reasons, it is **RECOMMENDED** that Plaintiff's Complaint be dismissed.

Plaintiff's allegations appear to stem from the loss or misappropriation of his veteran's benefit and title to his home.  (Doc. 1-1, ¶¶ 1–2).  Particularly, he says that Defendant "had her name placed on Plaintiff's benefit and home[,]" in connection with a prior legal action.  (*Id.*, ¶¶ 2–3).  He asks for relief: (1) for Defendant's criminal negligence; (2) under 38 U.S.C., which confers veterans' benefits; and (3) under the Fourth Amendment.

First, regarding Plaintiff's allegations that Defendant has acted criminally, criminal statutes "do not provide for a private right of action" for a private citizen like Plaintiff.  *See Kelly v. City of New Phila.*, No. 5:11CV474, 2011 WL 3705151, at *2–3 (N.D. Ohio Aug. 22, 2011) (quoting *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003)) ("The district court properly

dismissed [plaintiff's] claim pursuant to [two criminal statutes] because [he] has no private right of action under either of these criminal statutes."). In other words, "[a]lthough a federal prosecutor may begin a judicial proceeding to enforce a criminal statute, a private citizen may not." *Abdel-Malak v. Cape Fear Valley Med. Ctr.*, No. 5:20-CV-00221, 2020 WL 5792456, at *4 (E.D.N.C. July 24, 2020). "Where a plaintiff has no private right of action, a plaintiff has not stated a claim upon which relief can be granted." *Flood v. Reed*, No. 2:16-CV-778, 2017 WL 1021364, at *3–4 (S.D. Ohio Mar. 16, 2017) (citing *Kafele v. Frank & Woolridge Co.*, 108 F. App'x. 307, 308–09 (6th Cir. 2004)).

Second, regarding 38 U.S.C., the adjudication of claims regarding veterans' benefits generally falls outside the jurisdiction of the Court. The Sixth Circuit Court of Appeals has explained:

> In 1988, Congress enacted the Veterans Judicial Review Act of 1988, Pub.L. No. 100–687, Tit. III, 102 Stat. 4105, 4113–4122 (codified in sections scattered in 38 U.S.C.) ("VJRA"), and established a multi-tiered framework for the adjudication of claims regarding veterans benefits. The process begins when a claimant files for benefits with a regional office of the Department of Veterans Affairs. The regional office of the VA "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." 38 U.S.C. § 511(a). Upon receiving a decision from the regional office, the claimant may appeal to the [Board of Veterans' Appeals ("BVA")], which either issues the final decision of the Secretary or remands the claim to the regional office for further development and subsequent appeal. *See* 38 U.S.C. § 7104. The Court of Veterans Appeals ("CVA"), an Article I court established by Congress in the VJRA, has exclusive jurisdiction over appeals from the final decisions by the BVA. 38 U.S.C. § 7252(a). The Court of Appeals for the Federal Circuit has exclusive appellate jurisdiction over decisions of the CVA. 38 U.S.C. § 7292. If necessary, a claimant may petition the United States Supreme Court to review the decision of the Court of Appeals for the Federal Circuit. *See* 38 U.S.C. § 7291.

*Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997). Though 38 U.S.C. § 511(b) exempts certain provisions of 38 U.S.C. from this general procedure, none apply here. For this reason, other courts—when faced with similar plaintiffs making allegations that their veterans' benefits are

being misappropriated—have found no subject-matter jurisdiction and dismissed the claims. *See, e.g., Harris v. Dep't of Veterans Affairs*, No. Civ.A. 05-492, 2006 WL 827830 (Mar. 30, 2006); *Lujan v. Sec'y of Veterans Affairs*, No. 2:09CV56, 2009 WL 2920341 (Sept. 11, 2009).

Third, to the extent that Plaintiff suggests there has been a violation of his Fourth Amendment rights, he appears to be alleging a cause of action under 42 U.S.C. § 1983. To maintain an action under § 1983, Plaintiff must allege that the person engaging in the conduct complained of was acting under color of state law and that the conduct deprived Plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. Nat'l Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986). But Plaintiff makes no allegation in his Complaint that Defendant is a state actor, so he has not alleged a cause of action under 42 U.S.C. § 1983.

Finally, Plaintiff briefly mentions that he filed Chapter 7 bankruptcy and had a debt he owed to Chase Bank discharged. (Doc. 1-1, ¶ 4). Yet, he alleges that Chase Bank unlawfully collected on his veterans' benefit, ostensibly to satisfy the debt. To the extent he alleges Chase Bank is acting in contempt of a discharge injunction issued by a bankruptcy court, enforcement of the discharge injunction is appropriate in the bankruptcy court, not here. *See Petruso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir. 2000) (holding that there is no private right of action under 11 U.S.C. § 524, the statute which governs bankruptcy discharge injunctions, and that "the traditional remedy for violation of an injunction lies in contempt proceedings . . ." before the court that issued the injunction).

In sum, the federal laws Plaintiff uses in his Complaint confer upon him no right of action in this Court. And his factual allegations are so spare and vague that, even construing them liberally, the Undersigned finds no cognizable claim. Accordingly, the Undersigned finds that

Plaintiff has failed to state a claim upon which relief can be granted, and therefore **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

## IV.     CONCLUSION

Plaintiff's request to proceed *in forma pauperis* (Doc. 1) is **GRANTED**.   Having performed the initial screen, it is **RECOMMMENDED** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: December 1, 2022                                    /s/ Kimberly A. Jolson
                                                                    KIMBERLY A. JOLSON
                                                                    UNITED STATES MAGISTRATE JUDGE